# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LACOSTE ALLIGATOR S.A.,
LACOSTE ALLIGATOR USA INC.,
AND LACOSTE S.A.,

       Plaintiffs,

vs.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,",

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Lacoste Alligator S.A., Lacoste Alligator USA Inc., and Lacoste S.A. (collectively "Plaintiffs"), hereby sue Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiffs' trademarks  and/or using images that are exact copies and confusingly similar imitations of Plaintiffs' copyright work within this district through various fully interactive commercial Internet websites, supporting domains, and Internet based e-commerce stores operating under their domain names or seller identities set forth on Schedule "A" hereto (collectively, the "Subject Domain Names and Seller IDs"). In support of their claims, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for federal trademark counterfeiting and infringement, false designation of origin, copyright infringement, cybersquatting, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), 17 U.S.C. § 101 *et seq,* and The All Writs Act, 28 U.S.C §1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq,* and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through multiple fully interactive commercial Internet websites and Internet based e-commerce stores accessible in Florida and operating under the Subject Domain Names and Seller IDs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district. Defendants have also advertised, offered for sale, and made sales and shipped and/or sold infringing products into this district.

## THE PLAINTIFFS

4.      Plaintiff Lacoste Alligator S.A. is a Swiss *Societe Anonyme* with a principal place of business located at 6, rue Cornavin, 1201 Geneva Switzerland.  Plaintiff Lacoste Alligator S.A. is a trademark holding company which grants licenses to others to use its trademarks in the United States and other countries.

5.     Plaintiff Lacoste Alligator USA Inc. is a Florida Corporation with its principal place of business located at 551 Madison Avenue, Floor 13, New York, New York 10022. Plaintiff Lacoste Alligator USA Inc. is a wholly owned subsidiary of Plaintiff Lacoste Alligator S.A.

6.     Plaintiffs Lacoste Alligator S.A. and Lacoste Alligator USA Inc. are, in part, engaged in the business of designing, manufacturing, distributing, and licensing throughout the world, including within this district, quality goods under multiple world famous common law and federally registered trademarks, including the trademarks identified in Paragraph 19 below and set forth in Schedule "B" hereto.

7.     Plaintiff Lacoste, S.A. is a foreign business entity with its principal place of business located at 6 Rue De La Chaussée, D'Antin, Paris, France 75009.  Plaintiff Lacoste, S.A. is a parent company of Plaintiff Lacoste Alligator S.A. and is the owner of the work protected by federal copyright registration identified in Paragraph 19 below.

8.     Plaintiffs, Lacoste Alligator S.A., Lacoste Alligator USA Inc., and Lacoste, S.A. (jointly referred to herein as "Plaintiffs" or "Lacoste") offer for sale and sell their goods, which are protected by federally registered trademarks and/or federally registered copyright, within the State of Florida, including this district.  Defendants, through the sale and offer to sell counterfeit and infringing versions of Plaintiffs' branded products, are directly, and unfairly, competing with Plaintiffs' economic interests in the State of Florida and causing Plaintiffs harm within this jurisdiction.

9.     Like many other famous intellectual property owners, Plaintiffs suffer ongoing daily and sustained violations of their intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiffs'

trademarks and copyrighted works for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiffs' names and associated intellectual property and the destruction of the legitimate market sector in which they operate.

10.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Plaintiffs expend significant monetary resources in connection with intellectual property enforcement efforts.   The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Lacoste, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the ill effects of confusion and the erosion of the goodwill connected to Plaintiffs' brand.

## THE DEFENDANTS

11.     Defendants are individuals and/or business entities of unknown makeup that operate either domain names registered with registrars in multiple countries or e-commerce stores via third-party marketplace websites, and each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems, including the People's Republic of China, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, the fully interactive, commercial Internet websites and Internet based e-

commerce stores via the domain names and third-party Internet marketplaces existing under the Subject Domain Names and Seller IDs.

12.     Upon information and belief, Defendants use aliases in conjunction with the operation of their business as set forth in Schedule "A" hereto.

13.     Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Lacoste's trademarks and/or unauthorized copies of Lacoste's copyrighted work as described herein operating and using at least the Subject Domain Names and Seller IDs.

14.     Upon information and belief, Defendants directly engage in unfair competition with Plaintiffs by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Lacoste's trademarks and/or unauthorized copies of Lacoste's copyrighted work to consumers within the United States and this district through multiple fully interactive commercial Internet websites and Internet based e-commerce stores operating under, at least, the Subject Domain Names and Seller IDs.  Defendants, upon information and belief, also operate additional domain names and e-commerce stores which promote and offer for sale counterfeit and infringing goods under domain names and/or seller identification aliases not yet known to Plaintiffs. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing branded goods into the State.

15.     Defendants have registered, established or purchased, and maintained their Subject Domain Names and Seller IDs, and the websites and e-commerce stores operating thereunder. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names and Seller IDs by providing false and/or

misleading information to their various registrars or to the third-party marketplace websites where they sell, during the registration or maintenance process. Upon information and belief, many Defendants have anonymously registered and maintained some of the Subject Domain Names and Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

16.     Upon information and belief, Defendants will continue to register or acquire new domain names and seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Lacoste's trademarks and/or unauthorized copies of Lacoste's copyrighted work unless preliminarily and permanently enjoined.

17.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Lacoste and others.

18.     Defendants' business names, i.e., the Subject Domain Names and Seller IDs, associated payment accounts, and any other alias domain names and seller identification names used in connection with the sale of counterfeit and infringing goods bearing Lacoste's trademarks and/or unauthorized copies of Lacoste's copyrighted work, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Lacoste. Moreover, Defendants are using Lacoste's famous brand name and trademarks to drive Internet consumer traffic to their websites and e-commerce stores operating under the Subject Domain Names and Seller IDs, thereby increasing the value of the Subject Domain Names and Seller IDs and decreasing the size and value of Lacoste's legitimate common marketplace at Plaintiffs' expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiffs' Business and Trademark Rights

19.     Plaintiff Lacoste Alligator S.A. is, and at all times relevant hereto has been, the registered owner of the trademarks identified on Schedule "B" hereto (collectively, the "Lacoste Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Lacoste Marks are used in connection with the manufacture and distribution of quality goods in the categories also identified on "Schedule B." Additionally, Plaintiff Lacoste S.A. is the owner of the Copyrighted Work  entitled "2001 Lacoste Crocodile" under United States Copyrighted Work Registration No. VA 1-902-896 (the "Lacoste Copyrighted Work"). Lacoste's ownership and registration of the Lacoste Copyrighted Work precedes Defendants' infringement as alleged herein. True and correct copies of the Certificates of Registration for the Lacoste Marks and the Lacoste Copyrighted Work are attached hereto as Composite Exhibit "1."

20.     The Lacoste Marks and Lacoste Copyrighted Work have been used in interstate commerce to identify and distinguish Plaintiffs' quality goods for an extended period of time.

21.     The Lacoste Marks and Lacoste Copyrighted Work serve as symbols of Lacoste's quality, reputation, and goodwill, and the Lacoste Marks have never been abandoned.

22.     The Lacoste Marks are well-known and famous and have been for many years. Plaintiffs have expended substantial time, money and other resources developing, advertising and otherwise promoting the Lacoste Marks and Lacoste Copyrighted Work.  The Lacoste Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

23.     Further, Plaintiffs have extensively used, advertised, and promoted the Lacoste Marks in the United States in association with the sale of quality goods.  Plaintiffs have spent

millions of dollars promoting the Lacoste Marks and products bearing the Lacoste Marks. In recent years, annual sales of products bearing the Lacoste Marks have totaled in the hundreds of millions of dollars within the United States.

24.     As a result of Plaintiffs' efforts, members of the consuming public readily identify merchandise bearing the Lacoste Copyrighted Work or sold under the Lacoste Marks, as being quality merchandise sponsored and approved by Plaintiffs.

25.     Accordingly, the Lacoste Marks have achieved secondary meaning as identifiers of quality goods as a result of Plaintiffs' advertisement, promotion, and sale of such goods thereunder.

26.     Plaintiffs have carefully monitored and policed the use of the Lacoste Marks and have never assigned or licensed the Lacoste Marks or the Lacoste Copyrighted Work to any of the Defendants in this matter.

27.     Genuine goods bearing the Lacoste Marks and copies of the Lacoste Copyrighted Work are widely legitimately advertised and promoted by Plaintiffs, authorized distributors and unrelated third parties via the Internet.  Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Plaintiffs' overall marketing and consumer education efforts. Thus, Plaintiffs expend significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Plaintiffs and their authorized retailers to fairly and legitimately educate consumers about the value associated with the Lacoste Marks and the goods sold thereunder.

**Defendants' Infringing Activities**

28.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods including, without limitation, t-shirts, shirts, polo shirts, sweaters, sweatshirts, shorts, track suits, jackets, wallets, footwear, headwear, such as hats, belts, eyeglasses, sunglasses, watches, and thumb drives in interstate commerce that bear counterfeit and confusingly similar imitations of the Lacoste Marks and and/or use unauthorized copies of Lacoste's Copyrighted Work (collectively, the "Infringing Goods") through, at least, the fully interactive commercial Internet websites and Internet based e-commerce stores operating under the Subject Domain Names and Seller IDs.  Specifically, upon information and belief, Defendants are using identical copies of the Lacoste Marks for different quality goods. Plaintiffs have used the Lacoste Marks and the Lacoste Copyright Work extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiffs' merchandise.

29.     Upon information and belief, Defendants' Infringing Goods are of a quality substantially and materially different than that of Plaintiffs' genuine goods.  Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine quality goods offered for sale by Plaintiffs despite Defendants' knowledge that they are without authority to use the Lacoste Marks and/or the Lacoste Copyrighted Work.  The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Infringing Goods are genuine goods originating from, associated with, and approved by Plaintiffs.

30.     Defendants advertise their Infringing Goods for sale to the consuming public via websites operating under at least the Subject Domain Names and via e-commerce stores operating under at least the Seller IDs.  In so advertising these goods, Defendants improperly and unlawfully use the Lacoste Marks without Plaintiffs' permission. Defendants also reproduce, distribute, use, offer to sell, and sell copies of the Lacoste Copyrighted Work. Indeed, Defendants herein misappropriated Plaintiffs' advertising ideas and methods of doing business with regard to the advertisement and sale of Plaintiffs' genuine goods.  Upon information and belief, the misappropriation of Plaintiffs' advertising ideas in the form of the Lacoste Marks and the Lacoste Copyrighted Work is the proximate cause of damage to Plaintiffs.

31.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of Plaintiff's intellectual property. Specifically, Defendants are using counterfeits and infringements of Plaintiffs' famous names and the Lacoste Marks in order to make their websites and e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' genuine goods. Defendants are causing concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Lacoste Marks, and (iii) increasing Plaintiffs' overall cost to market their goods and educate consumers about their brands via the Internet.

32.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States.  As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own benefit.

33.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' ownership of the Lacoste Marks and the Lacoste Copyrighted Work, including their exclusive rights to use and license such intellectual property and the goodwill associated therewith.

34.     Defendants' use of the Lacoste Marks and/or the Lacoste Copyrighted Work, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiffs' consent or authorization.

35.     Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on Lacoste's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

36.     Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase.  Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' genuine goods and Defendants' Infringing Goods, which there is not.

37.     Moreover, multiple Defendants have registered their respective Subject Domain Name(s), using marks that are nearly identical and/or confusingly similar to at least one of the Lacoste Marks (collectively the "Cybersquatted Subject Domain Names").

38.     Defendants do not have, nor have they ever had, the right or authority to use the Lacoste Marks.  Further, the Lacoste Marks have never been assigned or licensed to be used on any of the websites operating under the Cybersquatted Subject Domain Names.

39.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

40.     Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

41.     Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of the Lacoste Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

42.     Upon information and belief, Defendants have intentionally incorporated the Lacoste Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Lacoste's Internet website to their own Internet websites for commercial gain.

43.     Given the visibility of Defendants' various websites and the similarity of their actions, including their SEO activities, it is clear Defendants cannot help but know of each other's existence and the damage likely to be caused to Lacoste as a result of Defendants' concurrent actions.

44.     Although some of the Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Plaintiffs.

45.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiffs.

46.     Plaintiffs have no adequate remedy at law.

47.     Plaintiffs are suffering irreparable and indivisible injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Lacoste Marks and/or the Lacoste Copyrighted Work.   If Defendants' counterfeiting, infringing, cybersquatting, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

48.     The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of products bearing counterfeits and infringements of Plaintiffs' Marks and/or unauthorized copies of the Lacoste Copyrighted Work.

## <u>COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT<br>PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)</u>

**(Excluding Defendant Atarax ("Defendant Number 3"), Defendant Century Technology(shenzhen) Co.,Ltd ("Defendant Number 4"), Defendant crw ("Defendant Number 6") and Defendant Temtacin ("Defendant Number 14"))**

49.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

50.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Lacoste

Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Infringing Goods.

51.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Lacoste Marks. Defendants are continuously infringing and inducing others to infringe the Lacoste Marks by using them to advertise, promote and sell, at least, their Infringing Goods.

52.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods.

53.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Plaintiffs and are unjustly enriching Defendants with profits at Plaintiffs' expense.

54.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Lacoste Marks in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Plaintiffs have each suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.   Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))

56.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

57.     Upon information and belief, Defendants' Infringing Goods bearing, offered for sale, and sold using copies of the Lacoste Marks have been widely advertised and offered for sale throughout the United States.

58.     Defendants' Infringing Goods bearing, offered for sale, and sold using copies of the Lacoste Marks are virtually identical in appearance to Lacoste's genuine goods.  However, Defendants' Infringing Goods are different in quality.  Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

59.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of the Infringing Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiffs' detriment.

60.     Defendants have authorized infringing uses of the Lacoste Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have also misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

61.     Additionally, Defendants are using counterfeits and infringements of the Lacoste Marks in order to unfairly compete with Plaintiffs and others for space within search engine organic results, thereby jointly depriving Plaintiffs of a valuable marketing and educational tool which would otherwise be available to Plaintiffs and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web.

62.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

63.     Plaintiffs have no adequate remedy of law, and have sustained indivisible injury and damage caused by Defendants' concurrent conduct.  Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiffs will continue to suffer irreparable injury to their respective goodwill and business reputations, as well as monetary damages.

### COUNT III – COPYRIGHT INFRINGEMENT
### PURSUANT TO 17 U.S.C. § 501

64.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

65.     Defendants have infringed and will continue to infringe the Lacoste Copyrighted Work at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of Lacoste's copyrighted work in violation of 17 U.S.C. § 501.

66.     Upon information and belief, Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

67.     Defendants' unlawful actions have caused and are continuing to cause damage to Lacoste. Lacoste will continue to suffer irreparable injury due to the above described activities of Defendants absent entry of a preliminary and permanent injunction.

### COUNT IV – CLAIM FOR RELIEF FOR CYBERSQUATTING
### PURSUANT TO §43(d) OF THE LANHAM ACT (15 U.S.C. §1125(d))

68.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

69.     At all times relevant hereto, Plaintiff, Lacoste Alligator S.A., has been and still is the owner of the rights, title and interest in and to the Lacoste Marks.

70.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the Lacoste Marks and the goodwill associated with the Lacoste Marks by registering and using the Cybersquatted Subject Domain Names.

71.     The Lacoste Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

72.     Defendants have no intellectual property rights in or to the Lacoste Marks.

73.     The Cybersquatted Subject Domain Names are identical to, confusingly similar to, or dilutive of at least one of the Lacoste Marks.

74.     Defendants' conduct is done with knowledge and constitutes a willful violation of Plaintiffs' rights in the Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Plaintiffs' rights.

75.     Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

76.     Plaintiffs have no adequate remedy at law.

77.     Plaintiffs have each suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## **COUNT V – COMMON LAW UNFAIR COMPETITION**

78.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

79.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Lacoste Marks in violation of Florida's common law of unfair competition.

80.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the Lacoste Marks. Defendants are also using counterfeits and infringements of the Lacoste Marks to unfairly compete with Lacoste and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

81.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Lacoste Marks.

82.     Plaintiffs have no adequate remedy at law and are suffering irreparable injury as a result of Defendants' actions, as well as monetary damages.

## COUNT VI – COMMON LAW TRADEMARK INFRINGEMENT

83.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 48 above.

84.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Goods bearing the Lacoste Marks. Plaintiffs are the owners of all common law rights in and to the Lacoste Marks.

85.     Specifically, Defendants, upon information and belief, promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Plaintiffs' Marks.

86.     Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Lacoste Marks.

87.     Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

**PRAYER FOR RELIEF**

88.     WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Lacoste Marks and/or the Lacoste Copyrighted Work; from using the Lacoste Marks and/or the Lacoste Copyrighted Work, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association,

or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Lacoste Marks and/or the Lacoste Copyrighted Work in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiffs' names, trademarks, or copyrighted work; and from otherwise unfairly competing with Plaintiffs.

b.      Entry of temporary, preliminary, and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Lacoste Marks and the Lacoste Copyrighted Work.

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that, upon Plaintiffs' request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Plaintiffs' election, transferring the Subject

Domain Names and any other domain names used by Defendants to engage in their counterfeiting and infringement of the Lacoste Marks and/or the Lacoste Copyrighted Work at issue to Plaintiffs' control so they may no longer be used for illegal purposes, and requiring the Seller IDs, and any other alias seller identification names being used or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Lacoste Marks and/or the Lacoste Copyrighted Work be disabled by the applicable governing Internet marketplace website.

        e.    Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to AliExpress.com, Amazon.com, Inc., eBay Inc., and iOffer, Inc., cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Lacoste Marks and/or the Lacoste Copyrighted Work.

        f.    Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon.com, Inc., permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Lacoste Marks and/or Lacoste Copyrighted Work via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "C" annexed hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the Lacoste Marks and/or Lacoste Copyrighted Work associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or

sell goods bearing counterfeits and/or infringements of the Lacoste Marks and/or Lacoste Copyrighted Work.

        g.    Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Inc., who are provided with notice of the injunction, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Lacoste Marks and/or Lacoste Copyrighted Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiffs.

        h.    Entry of an Order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        i.    Entry of an Order requiring Defendants to account to and pay Plaintiffs for all damages sustained by Plaintiffs in consequence of Defendants' copyright infringement described above together with appropriate interest thereon; Defendants be required to account to Plaintiffs for, and disgorge to Plaintiffs, and to pay to Plaintiffs, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; Plaintiffs' be awarded, at their election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded their

costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

j.       Entry of an Order requiring the relevant Defendants to account to and pay Plaintiffs for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiffs' election with respect to Count IV, that Plaintiffs be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. § 1117(d) of the Lanham Act.

k.       Entry of an award of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

l.       Entry of an Order that, upon Plaintiffs' request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd., AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd., Amazon Payments, Inc., PayPal, Inc., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Subject Domain Names and Seller IDs, or other domain names, alias seller identification names, or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

m.       Entry of an award of pre-judgment interest on the judgment amount.

n.      Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: January 9, 2017.                          Respectfully submitted,


STEPHEN M. GAFFIGAN, P.A.

By: **s/Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiffs

**SCHEDULE A:**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES AND SELLER IDS**

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 1 | 6666 Store | 2342146 |
| 2 | ai ya Store | 2336171 |
| 3 | Atarax | 723306 |
| 4 | Century Technology(shenzhen) Co.,Ltd | 1358989 |
| 5 | Chicago Design | 2317010 |
| 6 | crw | 227558 |
| 7 | dz Boutique | 421467 |
| 8 | Fantastic Store | 2345008 |
| 9 | iBrother | 1267487 |
| 10 | love you 007 Store | 2338162 |
| 11 | MA YUN BIAO DI Store | 2341162 |
| 12 | Perfect, Men's Clothing | 1542035 |
| 13 | store store stores | 2341007 |
| 14 | Temtacin | 2290080 |
| 15 | jersey-club Store | 2669002 |
| 16 | Men Kingloo Store | 2500071 |
| 17 | MissBlack Balabala Store | 2400020 |
| 18 | Yi Yang clothes Accessories Store | 2342099 |
| 19 | amparo climent cascant | A2K571V8DGACX6 |
| 20 | Avenue Shirtsl | A30MHNPY5YJ1X2 |
| 21 | Ben Degotardi | A3DA3E1QHU1C11 |
| 22 | Cupyh | AT03FDZFJUTPK |
| 23 | David DelDuca | A3DSTL6EETUW8I |
| 24 | Dongwu-S | AH5787BQ5PI2C |
| 25 | fengjeng dis | A11M5103DEL8BE |
| 26 | HAN-Fu | A1MAWH9N9P56W9 |
| 27 | Huahuaworld | AHMGNO449Z6FF |
| 28 | Hudson Hoover | ALSJIG4PSFKN6 |
| 29 | Jean Wyrick | AL02MZN90BGQN |
| 30 | Joyonline | A1UN80IORC8ZY1 |
| 31 | Judith garrett | A34V7MP7W4QKWR |
| 32 | Karl Siegel | A1R2R2TXR7UGPK |
| 33 | kellerup | A1NBNPKIZSFEH0 |
| 34 | Magik Grey | A7IMACRTUZ4MH |
| 35 | OTB ONLY THE BEST | A2GQW34LBVPSTH |
| 36 | ROCK MAN | AA67QLRVS0APZ |
| 37 | Sales engineer | A2Y82XKY1IKFQ3 |
| 38 | savesshirt | A26GXBQXPTTHE9 |
| 39 | Steven Lowell | A21WIS2T5AXZ87 |
| 40 | thzrceba | A3R7KO0BQA94FS |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 41 | VICTORIA JESSI | ANT5MR00F72FZ |
| 42 | 1springbetter771 | |
| 43 | anneng2006 | |
| 44 | best.shop2016 | |
| 45 | dongganwawa306 | |
| 46 | edwintong2013 | |
| 47 | ellie_best2011 | |
| 48 | expectationsmet | |
| 49 | gracedesignsleeds2014 | |
| 50 | heslhy166 | |
| 51 | joinbuy555 | |
| 52 | kukafei9261 | |
| 53 | kushaseller_2228 | |
| 54 | mark198209 | |
| 55 | minmin_km | |
| 56 | moy8838 | |
| 57 | pbpy6177 | |
| 58 | pingzhanhui | |
| 59 | tina677-4444 | |
| 59 | tingoltina | |
| 60 | wimalnali | |
| 60 | Super Rich Heritage | |
| 61 | wishes2011 | |
| 62 | zhengwu78960 | |
| 63 | huayouqiang822 | |
| 64 | miutingru8 | |
| 65 | zhaoyuanming | |
| 66 | 2015buycheapshoes.com | |
| 66 | 2016poloshirtsonline.com | |
| 66 | 24hgames.co.uk | |
| 66 | bandbinrichmond.co.uk | |
| 66 | blueshoes2016.co.uk | |
| 66 | cash-trio.de | |
| 66 | catchawave.co.uk | |
| 66 | clairejeunesse.fr | |
| 66 | clothingoutletonlinestores.com | |
| 66 | disconaction.com | |
| 66 | forrentrome.com | |
| 66 | gwent-adventures.co.uk | |
| 66 | hauckengineering.com | |
| 66 | hr-newsblog.de | |
| 66 | iamthatgamer.com | |
| 66 | lacostecipo.com | |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 66 | laislatfts.com | |
| 66 | lakecommunication.it | |
| 66 | leloveluck.com | |
| 66 | mediterenligne.fr | |
| 66 | mouhim.com | |
| 66 | onzeschatten.nl | |
| 66 | paoli-sandro.it | |
| 66 | roplastec.com | |
| 66 | rvcentral.us | |
| 66 | schwingungsbilder.ch | |
| 66 | smileitsorganic.com | |
| 66 | toninosicoli.it | |
| 66 | ukfindom.com | |
| 66 | ways2faith.eu | |
| 66 | wuffy.nl | |
| 67 | 4u2go.ca | |
| 68 | 59diner.us | |
| 69 | abc-lacoste.com | |
| 70 | aceform.co.uk | |
| 70 | thinkbigmobile.com.au | |
| 71 | adidasxsuperstar.fr | |
| 72 | afinos.us | |
| 73 | alinitia.eu | |
| 74 | allgolds.co.uk | |
| 75 | anime-book.com | |
| 75 | coveredincrafts.com | |
| 75 | mi-israel.org | |
| 76 | art2wall.co.uk | |
| 76 | bamber-fencing.co.uk | |
| 76 | buyrightflorida.co.uk | |
| 76 | electricfencedistribution.co.uk | |
| 76 | ruddickrecruitment.co.uk | |
| 77 | aylesburyhouse.co.uk | |
| 78 | azubibalance.de | |
| 79 | bakkerij-klok.nl | |
| 80 | bekleidungschweiz.com | |
| 80 | biqes.nl | |
| 81 | bestestart.nl | |
| 82 | blacklacostesunglasses.co.uk | |
| 83 | blackmade.net | |
| 83 | boutique-informatique.net | |
| 83 | cafechiropractorwalnutcreek.com | |
| 83 | chompin.com | |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|----------|----------------------------------------------|--------------|
| 83 | grapevinellc.com | |
| 83 | talukderict.com | |
| 84 | boblacoste.fr | |
| 85 | bobotohfm.com | |
| 85 | fmbmytunes.com | |
| 85 | lamitadcuenta.com | |
| 85 | sarcasteen.com | |
| 86 | bonpakker.nl | |
| 87 | boskampsemoaten.nl | |
| 87 | petrae.eu | |
| 87 | degrootefair.nl | |
| 88 | buddiesmalta.co.uk | |
| 89 | bullshirt.co.uk | |
| 90 | buynsellstaffs.co.uk | |
| 90 | clockbook.be | |
| 91 | bvas.co.uk | |
| 91 | kidizoomtwist.co.uk | |
| 91 | mishti.co.uk | |
| 91 | mydipkit.co.uk | |
| 92 | calacosteoutlet.com | |
| 92 | clubgtcars.co.uk | |
| 92 | finansfilm.se | |
| 92 | frlacostesoldes.fr | |
| 92 | lacoste-polo.us | |
| 93 | carnets-dailleurs.fr | |
| 94 | cavallini-shoes.ch | |
| 95 | cheap007.com | |
| 96 | cheapbrandonsale.com | |
| 97 | cheaplacoste2015.co.uk | |
| 98 | cheaplacostepolostrore.com | |
| 98 | lacosteoutletclearance.com | |
| 98 | lacosteukoutletshop.com | |
| 98 | shoplacosteoutletclearance.com | |
| 99 | cheap-lacostes.com | |
| 100 | cheaplacosteshoes2016.co.uk | |
| 101 | citrinevrs.co.uk | |
| 102 | citrotex.de | |
| 103 | commline.nl | |
| 104 | cooloongupflorist.com.au | |
| 105 | cs-transports.fr | |
| 106 | damenmodedeutschland.de | |
| 106 | lacosteforsale.co.uk | |
| 107 | dartmouthclinical.net | |

28

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 108 | davisonvfw.us | |
| 108 | press-group.co.uk | |
| 108 | socialnetworksgroup.eu | |
| 108 | sohorevuebar.co.uk | |
| 109 | delvillas.com | |
| 110 | denieuwefloris.nl | |
| 111 | depapierenwereld.nl | |
| 112 | directorweb.us | |
| 112 | essayboutique.co.uk | |
| 112 | irvinsblog.com | |
| 112 | karamix.fr | |
| 112 | lacosteitalia.it | |
| 112 | lacosteschuhegunstig.de | |
| 112 | lacosteshoeonline.com | |
| 112 | lacosteshoeukshop.com | |
| 112 | lacosteskor.se | |
| 112 | lacosteukshops.co.uk | |
| 112 | menslacosteshoes.com | |
| 112 | shoppingmall-uk.com | |
| 112 | speedseeker.co.uk | |
| 112 | wearonlinestoreuk.com | |
| 112 | webparadis.fr | |
| 113 | doridderkerk.nl | |
| 114 | durian-travel.nl | |
| 115 | e42.com.au | |
| 116 | fashionshopmall.top | |
| 116 | fashionshopstore.top | |
| 117 | feastupon.co.uk | |
| 118 | fencingberkshire.co.uk | |
| 119 | festipack.co.uk | |
| 120 | fietseninzweden.nl | |
| 121 | findmallbuy.com | |
| 122 | girls4lives.nl | |
| 123 | go4aaa.com | |
| 123 | go4aaa.co | |
| 124 | gofortshirtshop.com | |
| 124 | goformontventoux.nl | |
| 125 | greenbelagsgmbh.ch | |
| 126 | groovspot.com | |
| 127 | grscommercials.co.uk | |
| 128 | hanoverband.co.uk | |
| 129 | happydealwatch.com | |
| 130 | haycorncottage.co.uk | |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 131 | healthseeker.com.au | |
| 132 | houtvanzuid.nl | |
| 133 | icfm.org.uk | |
| 134 | ieeensu.com | |
| 134 | thehappyblog.co.uk | |
| 135 | immothem.fr | |
| 136 | innung-rft.de | |
| 137 | iowstudio.co.uk | |
| 138 | karatepassionfg.fr | |
| 139 | kleidungdeutschland.de | |
| 140 | klompendiscount.nl | |
| 141 | knockoffdesignerhandbagss.com | |
| 142 | kranemann-huete.de | |
| 143 | lacoste-2900.com | |
| 144 | lacoste-abc.com | |
| 145 | lacoste-australia.org | |
| 146 | lacostebuy.top | |
| 147 | lacostechaussure2016.fr | |
| 148 | lacostefr.online | |
| 149 | lacostejakke.com | |
| 150 | lacostenewby.top | |
| 151 | lacoste-online.de | |
| 152 | lacostepascher.top | |
| 153 | lacostepolo.cc | |
| 154 | lacostepolopascher.fr | |
| 155 | lacostepoloshirts.cc | |
| 156 | lacostepullover.de | |
| 157 | lacostesfrance.fr | |
| 158 | lacosteshoesuksale.com | |
| 159 | lacostekorherr.se | |
| 160 | lacosteslovensko.cc | |
| 161 | lacostet.com | |
| 162 | lacostetilbud.com | |
| 163 | lacostetracksuit.co.uk | |
| 164 | lacostevestefr.com | |
| 165 | lacostexie.com.tw | |
| 166 | langswear.com.au | |
| 167 | laserena.fr | |
| 168 | latesoutlet.es | |
| 169 | laurenspolo.org | |
| 170 | lcec.us | |
| 171 | littlestarz.co.uk | |
| 172 | lovemelongtime.co.uk | |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 173 | markartgallery.co.uk | |
| 174 | mikearcheractor.co.uk | |
| 175 | mylacoste.com | |
| 176 | nikefreerunningshoes.com | |
| 177 | norgelacosteshop.com | |
| 178 | nuxberm.com | |
| 179 | office2015cursus.nl | |
| 180 | ofim-sn.com | |
| 181 | photocalluk.co.uk | |
| 182 | pololacostepascher.fr | |
| 183 | polopascher.site | |
| 184 | polosale.site | |
| 185 | polosbaratos2015.es | |
| 186 | poloshirtstore.xyz | |
| 187 | poloshop.site | |
| 188 | proffi-seo.co.uk | |
| 189 | pssas.ch | |
| 190 | pulllacostehomme.fr | |
| 191 | qesa.co.uk | |
| 192 | ralphlaurenpoloaustralia.com.au | |
| 193 | razen.co.uk | |
| 194 | risarcimentiuranioimpoverito.it | |
| 195 | rocknrollandglamadoll.se | |
| 196 | sacochelacoste.fr | |
| 197 | salelacostepolo.co.uk | |
| 197 | lacosteianbotham.co.uk | |
| 198 | schoenensale2016.nl | |
| 199 | selectiezami.nl | |
| 200 | shinebrands.fr | |
| 201 | shopofvip.com | |
| 202 | shuf.se | |
| 203 | sintetix.es | |
| 204 | snackcity.co.uk | |
| 205 | soldeslacoste.fr | |
| 206 | sopriz.com | |
| 207 | sportpaardenmassagelimburg.nl | |
| 208 | startingfresh.co.uk | |
| 209 | storieincanto.eu | |
| 210 | studiohoogeveen.nl | |
| 211 | suremums.co.uk | |
| 212 | talesfromtheglovebox.co.uk | |
| 213 | tarascakecompany.co.uk | |
| 214 | techfriends.de | |

| Def. No. | Defendant / Subject Domain Name or Seller ID | Store Number |
|---|---|---|
| 215 | thebookmogul.co.uk | |
| 216 | thestonesinsidemyshoes.co.uk | |
| 217 | thirault.fr | |
| 218 | thrivevitamins.co.uk | |
| 219 | tiendalacosteonline.es | |
| 220 | tophot.site | |
| 221 | toppolo.site | |
| 222 | toprepkickz.cc | |
| 223 | toscana-plant.nl | |
| 224 | trinitybarcanberra.com.au | |
| 225 | ttchimay.eu | |
| 226 | uscaphatss.com | |
| 227 | uscapscheap.com | |
| 228 | uspoloshirts.us | |
| 228 | lacoste-shirts.us | |
| 229 | utrechtsbouwbedrijf.nl | |
| 230 | verus-europe.eu | |
| 231 | vestelacoste.fr | |
| 232 | villa-bonita.co.uk | |
| 233 | vivapoole.co.uk | |
| 234 | wallartrepublic.com.au | |
| 235 | warwickjailbreak.co.uk | |
| 236 | waterleaklocators.co.uk | |
| 237 | webfect.nl | |
| 238 | welikebeats.de | |
| 239 | wholesalejerseysonlinestore.us | |
| 239 | wholesalejerseysonlines.com | |
| 240 | workfirst-apeldoorn.nl | |
| 241 | ysgolllanfynydd.co.uk | |
| 241 | flyfishinginstructor.co.uk | |
| 242 | zaloga.nl | |
| 243 | zapatillaslacoste.es | |
| 244 | zumba-reading.co.uk | |

**SCHEDULE "B"**
**PLAINTIFF, LACOSTE ALLIGATOR S.A.'S**
**FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| LACOSTE | 0,879,171 | October 21, 1969 | IC 025 – shirts for men, women and children, sweaters, tennis shorts, walking shorts, socks, beach jackets, dresses for women and children, swim trunks, caps, hats, and skirts. |
|  | 1,108,987 | December 12, 1978 | IC 025 – men's, women's and children's sport shirts and sweaters, men's socks, outer shorts, hats and caps, women's and children's dresses. |
| LACOSTE | 1,187,445 | January 26, 1982 | IC 009 – eyeglasses; sunglasses; eyeglasses and eyeglass case sold as unit, and sunglasses and sunglass case as unit. |
|  | 1,206,000 | August 24, 1982 | IC 009 – eyeglasses, sunglasses, and cases for both. |
| LACOSTE | 1,947,111 | January 9, 1996 | IC 014 – watches. |
|  | 2,004,314 | October 1, 1996 | IC 025 – polo shirts, sweatshirts, blousons, shirts, pants, shorts, skirts, dresses, jogging suits, sweaters, jackets, parkas, headwear, robes, swimwear, footwear, socks, belts, gloves. |
|  | 2,247,880 | May 25, 1999 | IC 014 – watches. |
|  | 2,976,568 | July 26, 2005 | IC 018 – luggage; rucksacks; fanny packs; waist packs; toiletry cases sold empty; cosmetic cases sold empty; tote bags; all purpose sport bags; gym bags; hand bags; shoulder bags; briefcases; wallets; credit card cases; business card cases; key cases. |
| LACOSTE | 3,023,973 | December 6, 2005 | IC 018 – luggage; rucksacks; fanny packs; waist packs; toiletry cases sold empty; cosmetic cases sold empty; tote bags; all purpose sport bags; gym bags; hand bags; shoulder bags; briefcases; cases for portable telephones; wallets; credit card cases; business card cases; key cases. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 3,129,817 | August 15, 2006 | IC 025 – sweaters, blazers, shirts, polo shirts, dress shirts, turtle neck shirts, tee-shirts, sweatshirts, knit shirts, jackets, parkas, trousers, shorts, bermuda shorts, track suit trousers, track suits, skirts, dresses, beachwear, socks, wrist bands, head bands, scarves, headwear, neckwear, gloves, underwear, footwear. |
| LACOSTE | 3,132,846 | August 22, 2006 | IC 025 – sweaters, blazers, shirts, polo shirts, dress shirts, turtle neck shirts, tee-shirts, sweatshirts, knit shirts, jackets, parkas, trousers, shorts, bermuda shorts, track suit trousers, track suits, skirts, dresses, beachwear, socks, wrist bands, head bands, scarves, headwear, neckwear, gloves, underwear, footwear. |

**SCHEDULE "C"**
**AMAZON STANDARD IDENTIFICATION NUMBERS ("ASIN") BY DEFENDANT**

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN |
|---|---|---|---|
| 19 | amparo climent cascant | A2K571V8DGACX6 | B01L1OQPP2<br>B01L1ORK7O |
| 20 | Avenue Shirtsl | A30MHNPY5YJ1X2 | B01FO01CEI<br>B01FO01F40 |
| 21 | Ben Degotardi | A3DA3E1QHU1C11 | B01G3ISBGM |
| 22 | Cupyh | AT03FDZFJUTPK | B01FO01CEI |
| 23 | David DelDuca | A3DSTL6EETUW8I | B01G3ISBGM |
| 24 | Dongwu-S | AH5787BQ5PI2C | B01KHJT8R4<br>B01KHJTEDM |
| 25 | fengjeng dis | A11M5103DEL8BE | B01FO01CEI |
| 26 | HAN-Fu | A1MAWH9N9P56W9 | B01G3ISBGM<br>B01G3ISITW |
| 27 | Huahuaworld | AHMGNO449Z6FF | B00GVN6R8Y |
| 28 | Hudson Hoover | ALSJIG4PSFKN6 | B01G3ISBGM |
| 29 | Jean Wyrick | AL02MZN90BGQN | B01G3ISBGM |
| 30 | Joyonline | A1UN80IORC8ZY1 | B010NCWKXO<br>B010ND92MU |
| 31 | Judith garrett | A34V7MP7W4QKWR | B01FO00UE6<br>B01FO015B8 |
| 32 | Karl Siegel | A1R2R2TXR7UGPK | B01G3ISBGM |
| 33 | kellerup | A1NBNPKIZSFEH0 | B01FO00UE6<br>B01FO018ZQ |
| 34 | Magik Grey | A7IMACRTUZ4MH | B01G3ISBGM<br>B01G3ITABM |
| 35 | OTB ONLY THE BEST | A2GQW34LBVPSTH | B01GQNY6J0 |
| 36 | ROCK MAN | AA67QLRVS0APZ | B01L75JEVW<br>B01L75LYL0 |
| 37 | Sales engineer | A2Y82XKY1IKFQ3 | B01G3ISBGM |
| 38 | savesshirt | A26GXBQXPTTHE9 | B01FO01CEI<br>B01FO01G4Y |
| 39 | Steven Lowell | A21WIS2T5AXZ87 | B01KHJT8R4<br>B01KHJTVF8 |
| 40 | thzrceba | A3R7KO0BQA94FS | B01G3ISBGM<br>B01G3ISITW |
| 41 | VICTORIA JESSI | ANT5MR00F72FZ | B01G3ISBGM |